# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BILLY PATTON**                                                          **CIVIL ACTION**

**VERSUS**                                                                **NO. 16-10-JWD-EWD**

**N. BURL CAIN, ET AL.**

*CONSOLIDATED WITH*

**BILLY PATTON**                                                          **CIVIL ACTION**

**VERSUS**                                                                **NO. 16-40-JWD-EWD**

**DARRYL VANNOY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 8, 2019.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BILLY PATTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-10-JWD-EWD** |
| **N. BURL CAIN, ET AL.** | |

*CONSOLIDATED WITH*

| | |
|---|---|
| **BILLY PATTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-40-JWD-EWD** |
| **DARRYL VANNOY** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

These habeas cases, which were filed pursuant to 28 U.S.C. § 2254, were consolidated on February 11, 2016, as they stem from the same judgment of conviction.[1] The application filed in Civil Action No. 16-10 was filed *pro se*, while the application filed in Civil Action No. 16-40 was filed by counsel. An evidentiary hearing is unnecessary.[2] It is recommended that the consolidated cases be severed; that Civil Action No. 16-10 be dismissed without prejudice for failure to exhaust state court remedies; and that Civil Action No. 16-40 be dismissed with prejudice as those claims are barred due to procedural default.[3]

---

[1] Civil Action No. 16-10, R. Doc. 3.
[2] *See* 28 U.S.C. § 2254(e)(2).
[3] *See, e.g., Smith v. Cain*, 12-2086/12-2226, 2013 WL 1292367 (E.D. La. March 8, 2013), *report and recommendation adopted*, No. CIV.A. 12-2086, 2013 WL 1290407 (E.D. La. Mar. 28, 2013) (severing consolidated habeas cases for purposes of entry of judgment and dismissing one with prejudice as meritless and dismissing the other without prejudice for failure to exhaust state court remedies).

I. **Procedural History**

A. **Trial Court**

On July 15, 2009, Petitioner was convicted of aggravated kidnapping and forcible rape. On December 14, 2009, Petitioner was sentenced to life in prison for aggravated kidnapping without the benefit of probation, parole, or suspension of sentence and, originally, was sentenced to forty years for forcible rape, which sentence was later amended when Petitioner was adjudicated a habitual offender and sentenced on July 12, 2010 to life imprisonment without the benefit of probation, parole, or suspension of sentence.[4]

B. **Direct Appeal**

Petitioner pursued a direct appeal with the Louisiana Court of Appeal for the First Circuit ("First Circuit") in which he raised the following assignments of error: (1) denial of the right to confront Petitioner's accuser and cross-examine the analyst who performed DNA testing; (2) ineffectiveness of trial counsel for not objecting to analyst testimony regarding another analyst's report; (3) admission of hearsay testimony; (4) prosecutorial misconduct; (5) insufficient evidence; (6) double jeopardy; (7) the propriety of the habitual offender adjudication; (8) admission of scientific evidence; and (9) ineffective assistance of counsel (generally). In addition, counsel requested a review of the record for errors discoverable by a mere inspection of the pleadings and proceedings without inspection of evidence. The First Circuit affirmed the convictions and the sentence imposed as to the aggravated kidnapping charged, but remanded the matter to the trial court for resentencing on the forcible rape charge after finding the habitual offender adjudication

---

[4] *State v. Patton*, 2010-1841 (La. App. 1st Cir. 6/10/11), 68 So.3d 1209, 1213.

was improper.[5] Petitioner thereafter sought review with the Louisiana Supreme Court, which denied review on June 15, 2012.[6]

On April 26, 2013, the trial court, pursuant to the First Circuit's instructions, resentenced Petitioner to forty years for the forcible rape conviction to run concurrently with his life sentence for aggravated kidnapping.

### C. Post-Conviction Relief

On July 19, 2013, Petitioner filed *pro se* and counseled applications for post-conviction relief. The counseled application asserted the following grounds for relief: (1) ineffective assistance of counsel and (2) prosecutorial misconduct. The *pro se* application also raised ineffective assistance of counsel and prosecutorial misconduct as grounds for relief and, in addition, alleged the following grounds for relief: (1) "tainted evidence and material misrepresentation by two detectives with unreliable hearsay;" (2) "the State's forensic expert testimony constituted fraud and was unreliable as hearsay with withholding or suppressing complete facts or inaccuracies;" (3) false testimony and misleading testimony from Monica Lavigne that caused an unfair and prejudicial jury decision in violation of the United States Constitution;" and (4) trial judge's reversible error in violation of no-comment rule and improper prejudicing jury instructions depriving Petitioner of fair trial."

The State filed procedural objections to Petitioner's application for post-conviction relief contending that Petitioner's claims were procedurally barred based on Louisiana Code of Criminal Procedure articles 930.3 and 930.4. Specifically, the claims made by Petitioner did not meet the requirements of article 930.3 and those claims that did were barred by article 930.4. At the hearing on Petitioner's application for post-conviction relief, no evidence was presented, and the only

---

[5] *Id.* at 1214.
[6] *State ex rel. Patton v. State*, 2011-1831 (La. 6/15/12), 90 So.3d 1051.

3

argument provided was regarding the State's procedural objections. The trial court did not address the merits of the substantive claims because it found the claims were procedurally barred. The trial court thereafter issued a written judgment denying Petitioner's application for post-conviction relief based on the procedural objection made by the State and specifically stated as follows:

> IT IS ORDERED, ADJUDGED, AND DECREED that the State's procedural objection to the granting of defendant's application for "Post-Conviction Relief is hereby sustained and that based on claims made, the trial court denied defendant's counseled and pro se Application for Post-Conviction Relief.

Petitioner sought review with the First Circuit, which was denied on May 23, 2014. Thereafter, Petitioner sought review with the Louisiana Supreme Court, which also denied review on March 13, 2015.[7]

### D. Federal Habeas Corpus Writ Applications

Petitioner filed two applications for writ of habeas corpus, a *pro se* application[8] on January 11, 2016 raising the following grounds for relief: (1) denial of the right to confrontation and cross-examination; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; and (4) double jeopardy and *ex post facto* violations; and a counseled application[9] on January 20, 2016 raising as grounds for relief the denial of right to confrontation and ineffective assistance of counsel. The cases were consolidated for adjudication.[10]

### II. Dismissal of *Pro Se* Application for Failure to Meet Total Exhaustion Requirement

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to

---

[7] *State v. Patton*, 2014-1304 (La. 3/13/15), 161 So. 3d 637.
[8] Civil Action No. 16-10, R. Doc. 1.
[9] Civil Action No. 16-40, R. Doc. 1.
[10] Civil Action No. 16-10, R. Doc. 3.

the district court.[11]  The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contains even a single unexhausted claim – the "total exhaustion" requirement.[12]  The goal of this doctrine, as stated in *Rose*, is to afford state courts the first opportunity to review claims of constitutional error which promotes comity and ensures a more complete factual record will be developed that will aid federal courts in their review.[13]

In Petitioner's *pro se* habeas application (Civil Action No. 16-10), he has raised prosecutorial misconduct as one claim for relief.[14]  As part of this claim, Petitioner alleges his trial was rendered fundamentally unfair as a result of the State's presentation of false or misleading evidence.  Petitioner alleges the prosecutor improperly manipulated material evidence and misled the jury and intentionally failed to subpoena the analyst who actually performed the DNA testing.  Petitioner further alleges that the prosecutor knew the DNA testimony presented was misleading and that the testimony of the victim, Detective Moody, and Dr. Vitrano[15] was misleading.

Though Petitioner raised prosecutorial misconduct as a ground for relief in his direct appeal and applications for post-conviction relief, he asserted different grounds for those prosecutorial misconduct claims.  Specifically, on direct appeal, Petitioner argued prosecutorial misconduct occurred in the following ways: (1) the prosecutor conveyed a false impression to the jurors that

---

[11] 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....")
[12] *Rose v. Lundy,* 455 U.S. 509, 522 (1982) (holding that a federal habeas petition that contains both exhausted and unexhausted claims must be dismissed).
[13] *Rose*, 455 U.S. 509, 518-19.
[14] Civil Action No. 16-10, R. Doc. 1-1, pp. 34-42.
[15] In the habeas petition, Petitioner specifically argues that the prosecutor's misrepresentation of facts included that Dr. Vitrano stated that his examination of the victim was consistent with forcible rape.  Civil Action No. 16-10, R. Doc. 1-1, pp. 37-38. ("Prosecutor misrepresented material facts claiming Dr. Craig Vitrano stated his examination of the victim was consistent with forcible rape.  Dr. Vitrano stated there were no signs of struggle or force.")  A review of the record reveals that the only prior mention of Dr. Vitrano was in Petitioner's PCR application to the Louisiana Supreme Court, which stated, "[t]he testimony of Dr. Vitrino [sic] was that he personal [sic] wrote a three page report …" Civil Action No. 16-40, R. Doc. 1-3, p. 22.  Thus, this ground for relief was not previously presented in state court.

5

defendant had motive and opportunity to commit the crime by prosecutor using an incomplete Petition for Separation, from 1981, that was dismissed June 5, 1981 claiming that resulted in divorce in Mississippi; (2) the prosecutor conveyed "the false allegation that was contrary to defendant's admonishment by the trial judge . . . that deprived the accused of substantive and constitutional rights; and (3) it was plain and prejudicial error for the judge to allow the prosecutor to discredit alibi witness testimony.[16]

In his counseled and *pro se* applications for post-conviction relief, Petitioner alleged the following acts of prosecutorial misconduct: (1) "prosecutor violated the advocate/witness rule by testifying as a witness bolstering the state's case telling the jurors the defendant is guilty several times through his trial and vouching for the credibility of inadmissible hearsay with vouching for the credibility of a substitute expert witness that did not perform DNA analysis, and misstating material facts, claiming one of the witnesses positively identified defendant with badgering and assassinating defendant's witnesses in violation of rules of evidence to discredit defendant's witnesses and conceding the color of defendant's vehicle that inflamed the juror's minds with the false impressions "[17] and (2) "the State improperly and illegally sought to introduce highly prejudicial, inflammatory, and utterly untrustworthy evidence in an attempt to commandeer Petitioner's presentation of evidence and malign Petitioner's alibi defense.[18]

The instant prosecutorial misconduct claim regarding manipulation of evidence and knowing presentation of misleading evidence was not fully presented to the state courts as the prosecutorial conduct complained of in the *pro se* habeas application is not the same prosecutorial

---

[16] These assignments of error were those raised to the Louisiana Supreme Court on direct appeal.
[17] Civil Action No. 16-40, R. Doc. 1-3, p. 4.
[18] Civil Action No. 16-40, R. Doc. 1-5, p. 3. This argument was directed to Petitioner's two alibi witnesses, Archie Mesinga and Sandra Monk. Prosecutorial actions with respect to the DNA expert were not mentioned in this line argument.

6

misconduct complained of in the state court proceedings. The requirement of exhaustion is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application.[19] As the state courts have not had an opportunity to fully evaluate these alleged constitutional violations, the instant *pro se* petition (Civil Action No. 16-10) is not fully exhausted and is, therefore, subject to dismissal without prejudice.[20]

### III. Dismissal of Counseled Application As Procedurally Defaulted

The counseled habeas application in this matter alleges two grounds for relief: (1) denial of right to confrontation in the "admission of hearsay evidence from DNA 'expert' who did not conduct Petitioner's actual DNA analysis;"[21] and (2) ineffective assistance of counsel for failure to object to the testimony of DNA expert who did not conduct Petitioner's DNA analysis.[22] Generally, a federal court will not review a question of federal law presented to a state habeas court if the decision of the state court rests on a state procedural rule that is both independent of the federal claim and adequate to support the judgment.[23] A federal court that reviews a state prisoner's habeas claim must respect a state court's determination that the claim is procedurally barred under state law.[24] A federal habeas court should determine as a threshold matter whether procedural default has occurred on any asserted claim.[25]

---

[19] *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).
[20] *See Matherly v. State of Louisiana*, 3 F.3d 436, at *2 (5th Cir. 1993) (habeas dismissals should be without prejudice for failure to exhaust). The counseled application, filed in Civil Action No. 16-40, is not subject to dismissal on these grounds and is discussed below.
[21] Civil Action No. 16-40, R. Doc. 1, p. 5.
[22] *Id.* at p. 7.
[23] *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).
[24] *Williams v. Cain*, 125 F.3d 269, 275 (5th Cir. 1997) citing *Wainwright v. Sykes*, 433 U.S. 72, 90-91(1977).
[25] *See, e.g., Carter v. Vannoy*, 14-2407, 2015 WL 3404068, at *4 (E.D. La. May 26, 2015) *citing Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997)('The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court, *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in 'procedural default.'")

When one reasoned state court decision rejects a federal claim on the basis of an independent and adequate state procedural ground, subsequent unexplained orders that uphold that judgment or reject the same claim are considered by a federal habeas court to rest on the same ground as did the reasoned state judgment, for purposes of the procedural default doctrine.[26] The last reasoned state opinion, which addressed the confrontation clause issue, was the 2011 opinion of the First Circuit.[27] The last reasoned state court opinion to address the ineffective assistance of counsel claim was the 2014 trial court judgment.

### A. Petitioner's ineffective assistance of counsel claim is procedurally barred by the 2014 trial court judgment denying Petitioner's application for post-conviction relief solely on an adequate and independent procedural ground

In response to the Petitioner's ineffective assistance of counsel claim, the State filed procedural objections, alleging that the PCR application should be dismissed pursuant to La. Code Crim. P. arts. 930.3 and 930.4, as Petitioner's claims had been "specifically addressed on direct appeal by the Court of Appeal, First Circuit, State of Louisiana, and/or the supreme court, State of Louisiana … and are now final judgments from which no review is constitutionally (res judicata), statutorily (LSA-C.Cr.P. 930.4) or jurisprudentially (see *State v. Felton*, (La.App. 4 Cir. 1988), 522 So.2d 626 permitted; and that based thereon, defendant is procedurally estopped from consideration herein."[28] At the hearing on Petitioner's application for post-conviction relief, regarding the procedural grounds relied upon, the trial court appeared to rely on Louisiana Code of Criminal Procedure article 930.3. However, in January 13, 2014 written reasons for judgment, the trial court "sustained" the State's procedural objection. The State's objection relied both upon

---

[26] *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999) ("Termed the 'look through' doctrine, this presumption enables federal courts to ignore-and hence, look through-an unexplained state court denial and evaluate the last reasoned state court decision).
[27] *Patton*, 68 So. 3d 1209.
[28] November 26, 2013 Procedural Objections to Defendant's Application for Post-Conviction Relief and Motion to Strike, ¶1(D).

8

Louisiana Code of Criminal Procedure articles 930.3 and 930.4. This reliance was aptly placed with respect to this claim as it had already been fully litigated and was thus barred by article 930.4.[29]

To aid in determining whether the last reasoned state court opinion based its opinion on procedural grounds or on the merits of the federal claims, this Circuit has adopted a three-part test.[30] When faced with an unclear state court opinion, the court should consider the following three factors: (1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits.[31]

These factors establish that the state trial court's denial of post-conviction relief on Petitioner's ineffective assistance of counsel claim was on procedural grounds, not on the merits. The second and third factors weigh heavily in favor of treating the state court denial of Petitioner's ineffective assistance of counsel claim as a procedural decision. With respect to the second factor, the history of this case suggests Petitioner's application for post-conviction relief was denied on procedural grounds. In response to Petitioner's applications for post-conviction relief, the State

---

[29] Louisiana Code of Criminal Procedure article 930.4 provides in pertinent part as follows: "[u]nless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered." Though the First Circuit noted that claims of ineffective assistance of counsel are more properly raised in an application for post-conviction relief, the opinion went on to say, "when the record is sufficient, this court may resolve this issue on direct appeal in the interest of judicial economy." *Patton*, 68 So.3d at 1217. Thus, the First Circuit proceeded to analyze the ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984). Further, though the First Circuit recognized it could not ascertain trial strategy on direct appeal, it found that any ineffective counsel claim regarding admission of testimony from a person other than the individual who conducted the DNA analysis was harmless error and would not have changed the outcome of the trial. Further, the First Circuit noted that Petitioner's trial counsel questioned the expert with respect to the fact that she was not the individual who performed the analysis and regarding potential contamination of the sample. *Patton*, 68 So. 3d 1209, 1217-18. Accordingly, this claim was fully litigated on direct appeal and thus article 930.4 was properly applied.
[30] *See Winfield v. Cain*, 248 F.3d 1138, n. 3 (5th Cir. 2001).
[31] *See Woodfox v. Cain*, 609 F.3d 774, 796 (5th Cir. 2010) *quoting Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir. 1999).

9

filed procedural objections. At the hearing on the applications for post-conviction relief, the only arguments made were with respect to the procedural objections, at the conclusion of which, the trial court specifically noted it found that all claims were procedurally barred. The merits of the claims were not discussed. Considering the lack of discussion of the merits of the claims coupled with the trial court's express statement that it agreed with the state that the claims were procedurally barred, the history of the proceedings strongly suggests that these claims were adjudicated as procedurally barred rather than considered on the merits.

With regard to the third factor, the trial court's written judgment also strongly suggests that the merits of the claims were not considered. Specifically, the trial court sustained the State's procedural objections, and, accordingly, relief was denied. Nothing in the written judgment suggests the merits of the claims were considered. Finally, with respect to the first factor, a review of the pertinent law indicates that Louisiana state courts regularly rely upon Louisiana Code of Criminal Procedure articles 930.3 and 930.4 in finding that claims are procedurally barred and thus, do not reach the merits of those cases.[32] As outlined above, the merits of Petitioner's ineffective assistance claims were not addressed on post-conviction relief as the state trial court determined the claims were procedurally barred.

Based on the foregoing analysis, the state trial court's grounds for its judgment were independent of federal law and accordingly, the Court need only now consider the adequacy of the state procedural bar, which is a federal question.[33] To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.[34] In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal habeas court does

---

[32] *See State ex rel. Robinson v. State*, 2017-1499 (La. 11/14/18), 256 So.3d 270; *State v. McMooain*, 2018-0345, 2019 WL 911080 (La. 2/25/19)(noting procedural bar to successive claims is mandatory).
[33] *See Carter v. Vannoy*, 14-2407, 2015 WL 3404068, at *6 (E.D. La. May 26, 2015).
[34] *Walker v. Martin*, 562 U.S. 307, 316-17 (2011).

10

not sit to correct errors made by state courts in interpreting and applying state law.[35]  However, when state courts apply a procedural bar that has no foundation in the record or basis in state law, federal courts need not honor that bar.[36]

This Court has previously held that both Louisiana Code of Criminal Procedure article 930.3 and article 930.4 are "adequate" for purposes of the independent and adequate state grounds rule.[37]  Accordingly, since the state court rested its last reasoned decision on independent and adequate state grounds, Petitioner's ineffective assistance of counsel claim in the counseled application is procedurally barred.

> **B. Petitioner's confrontation clause claim is procedurally barred by the First Circuit's 2011 judgment rejecting the confrontation clause claim under the contemporaneous objection rule**

With respect to Petitioner's claim of violation of a confrontation clause, here, Petitioner alleges that he was denied the right to confrontation in the "admission of hearsay evidence from DNA 'expert' who did not conduct Petitioner's actual DNA analysis."[38]  With respect to the confrontation clause argument at the First Circuit, Petitioner's first counseled assignment of error was that "he was denied a fair trial because DNA evidence was admitted without affording him an opportunity to confront Darryl Oubre, the analyst who performed the testing."[39]  Petitioner also alleged as his second counseled assignment of error at the First Circuit that "trial counsel was ineffective in failing to object when the State called an analyst who did not conduct DNA testing."[40]  The First Circuit, which issued the last reasoned opinion on this issue, held that "[a]

---

[35] *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998).
[36] *See Johnson v. Lensing*, 99-0005, 1999 WL 562728, at *4 (E. D. La. Jul. 28, 1999).
[37] *See Pogue v. Cain*, 10-488, 2011 WL 2936426, at *2 (M.D. La. June 7, 2011) and *Brue v. Cain*, No. CV 13-0060-JWD-RLB, 2016 WL 937844, at *8 (M.D. La. Feb. 17, 2016), *report and recommendation adopted*, No. CV 13-60-JWD-RLB, 2016 WL 1048990 (M.D. La. Mar. 11, 2016), *aff'd sub nom. Brue v. Vannoy*, 717 F. App'x 488 (5th Cir. 2018).
[38] Civil Action No. 16-40, R. Doc. 1, p. 5.
[39] *Patton*, 68 So.3d 1209, 1216.
[40] *Id.*

11

contemporaneous objection is necessary to preserve [the confrontation clause issue] for appellate review.  LSA-C.Cr.P. art. 841."[41]  The First Circuit rejected the confrontation clause challenge on the basis of the contemporaneous objection rule and analyzed the confrontation clause issue solely in the context of Petitioner's ineffective assistance of counsel claims.[42]  Accordingly, the First Circuit, did not reach the merits of the confrontation clause claim.  Thus, the dismissal of the confrontation clause issue was independent of federal law and based on state procedural grounds.  Moreover, the contemporaneous objection rule has been held to constitute an adequate state procedural ground.[43]  Since this claim was dismissed based on an independent and adequate state procedural rule, Petitioner's confrontation clause claim is procedurally barred.

### C. Petitioner fails to establish cause or actual prejudice to overcome procedural bars

Because the respective decisions of the trial court on post-conviction relief and the First Circuit on direct appeal do not fairly appear to rest primarily on federal law and were instead denied based on independent and adequate state procedural rules, this Court cannot reach the merits of the claims absent a showing of cause and prejudice.  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[44]  Petitioner in this matter has not argued cause and prejudice or that this Court's failure to consider the claims will result in a fundamental miscarriage of justice and has therefore failed to meet his burden.  Accordingly, the claims presented in the counseled application for writ of

---

[41] *Id.*
[42] *Id.* at 1217-18.
[43] *Duncan v. Cain*, 278 F.3d 537, 541-42 (5th Cir. 2002).
[44] *Coleman*, 501 U.S. at 750.

12

habeas corpus, filed in Civil Action No. 16-40, should be dismissed with prejudice as procedurally barred.

### IV. Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[45] Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[46] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[47] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[48] In the instant case, reasonable jurists would not debate the denial of Petitioner's application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

### V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the consolidated applications of Billy Patton for issuance of a writ of habeas corpus under 28 U.S.C. 2254 be **SEVERED** for purposes of entry of judgment.

---

[45] 28 U.S.C. § 2253(c)(1)(A).
[46] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[47] 28 U.S.C. § 2253(c)(2).
[48] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

**IT IS FURTHER RECOMMENDED** that Patton's *pro se* habeas petition in Civil Action No. 16-10 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**IT IS FURTHER RECOMMENDED** that Patton's habeas petition in Civil Action No. 16-40 be **DISMISSED WITH PREJUDICE** as procedurally defaulted.

**IT IS FURTHER RECOMMENDED** that, in the event the Petitioner seeks to pursue an appeal, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on March 8, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**